

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00183-CR

---

ANTONIO JOINER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 403rd District Court
Travis County, Texas
Trial Court No. D-1-DC-20-301397, Honorable Brandy Mueller, Presiding

---

February 8, 2024

MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Antonio Joiner, was convicted by a jury of murder,[1] with an affirmative finding on use of a firearm, and punishment was assessed at twenty-five years' confinement. By a sole issue, he maintains the trial court abused its

---

[1] Tex. Penal Code Ann. § 19.02(b)(1), (c).

discretion in admitting, over his objection, State's Exhibit 47, a photograph of the deceased holding his child.[2]  We affirm.

## BACKGROUND

On the day of the incident, over a dozen people, including Appellant, were on site at an apartment complex having a barbeque.  Appellant had recently had his backpack stolen and expressed to a witness "he was going to get payback."  Shortly thereafter, the deceased arrived at the apartment complex parking lot and he and Appellant, who knew each other, engaged in a conversation about the robbery.  According to one of the witnesses, who had known Appellant for several years, she, Appellant, and the deceased stood behind a silver Honda during the conversation.  The witness described the conversation as calm with the deceased sympathizing with Appellant over the robbery of his backpack.  After the conversation, Appellant and the deceased shook hands.  The deceased turned and walked away, and Appellant shot him in the back of the head.  He was pronounced dead at the hospital.

Several witnesses called 911 and various officers and detectives were dispatched to the scene.  Initially, a suspect matching the shooter's description was detained but later released.  Another suspect was later ruled out.

During the investigation, civilian witnesses present during the shooting were interviewed and they indicated Appellant was the shooter.  The witness who had been

---

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

present during Appellant's conversation with the deceased about the robbery of the backpack testified that when the deceased walked away, "that's when [Appellant] shot him in the back of his head." She saw "gun smoke" and Appellant "walked off." Law enforcement obtained a warrant and arrested Appellant.

The defense was highly critical of the investigation. Although the murder weapon was not found, Appellant's DNA was confirmed on a Squirt soda can, the purchase of which was confirmed by video from a nearby convenience store shortly before the shooting. He left the soda can on the back of the Honda and fled the scene after the shooting. His palm print was found on the back of the Honda where he had stood when he spoke with the deceased.

## ANALYSIS

By his sole issue, Appellant contends the trial court abused its discretion in admitting State's Exhibit 47, a photo of the deceased holding a child, as having no relevance and allowing the jury to convict on an improper basis.[3] Assuming, arguendo, the trial court's ruling was erroneous, we find the error was harmless.

### STANDARD OF REVIEW—ADMISSION OF EVIDENCE

The admissibility of photographic evidence is within the sound discretion of the trial court. *Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). We review such a

---

[3] Evidence is relevant if it tends to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. TEX. R. EVID. 401. To be admissible, evidence must be relevant. TEX. R. EVID. 402. Evidence is unfairly prejudicial when it has an undue tendency to suggest an improper basis for reaching a decision. *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g).

ruling for abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). A trial court abuses its discretion when its ruling falls outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (op. on reh'g). A trial court's decision to admit or exclude evidence will be upheld absent a showing of abuse of discretion. *Young*, 283 S.W.3d at 875.

The erroneous admission of evidence is non-constitutional error. *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). Such error requires reversal only if it affected an appellant's substantial rights. Tex. R. App. P. 44.2(b). If an appellate court has a fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but a slight effect, the conviction will not be overturned. *Gonzalez*, 544 S.W.3d at 373 (citation omitted). In making this determination, an appellate court considers the following: (1) the character of the alleged error and how it might be considered in connection with other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence indicating guilt; and (4) whether the State emphasized the error. *Motilla v. State*, 78 S.W.3d 352, 356–58 (Tex. Crim. App. 2002).

Here, when the photo was introduced during the guilt/innocence phase, no mention was made of the child.[4] During the State's final closing argument, the prosecutor briefly mentioned the photograph and argued to the jury, "I think it's important to see a picture

---

[4] The identity of the child was not revealed until Appellant's mother testified during the punishment phase of trial.

4

of [the deceased] besides what we saw from the autopsy." No other reference was made to the objected-to photo during guilt/innocence.

The defense's trial strategy was to criticize the adequacy of the homicide investigation and its failure to rule out other suspects. However, two other suspects were ruled out. The defense attacked the credibility of the State's three civilian witnesses. The defense had the opportunity to thoroughly cross-examine them and the jury, as the exclusive trier of fact, chose to believe their testimony that Appellant shot the deceased. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (providing the trier of fact weighs the evidence and credibility of witnesses). Appellant's DNA and his palm print placed him at the scene speaking with Appellant just before the shooting.

We conclude the photo was not emphasized by the State and sufficient evidence was presented of Appellant's guilt. Thus, we have a fair assurance from a review of the entire record that admission of the photo did not influence the jury or had but a slight effect which did not result in harm to Appellant. His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


Alex Yarbrough
Justice

Do not publish.

5